## SUPREME COURT.

MATTHEW D. FIELD agt. R. S. RIPLEY, McCONOCHIE and others.

The court will not ordinarily take from a party the *custody of his property without notice* to him, and giving him an opportunity to show cause against it.

A *receiver* will not be appointed upon an *ex parte* application, before the *appearance* of the defendant, or until he has made *default*, after service of process, except in cases of *emergency*.

If the process of *injunction* will not restrain the disposal of property, a *receivership* will be but of little avail.

*It seems*, that a *receiver* appointed by this court, would not be able to make *title* under his appointment to *property in another state*, in the possession of the owner there, who has not been within this state, or in any way made answerable to the process of the court.

Where parties, who are *creditors* by virtue of a *lien*, either legal or equitable, created by an executory contract between themselves and the principal debtors, upon the property of the latter, they may not be called upon to permit the property of their debtors to go into the hands of a *receiver*, except it should be to secure the payment of their debt, or the appointment made subject to their rights.

*New York Special Term, June,* 1859.

THIS is an application for an injunction and appointment of a receiver on dissolution of partnership.

W. F. ALLEN, Justice.   The plaintiff is not, I think, upon his own showing, entitled to a receiver of the property in controversy.

1st. Ripley is a necessary party to the action, is interested in the funds, and is entitled to be heard in regard to its custody and disposal, *pendente lite.*   The court will not ordinarily take from a party the custody of his property without notice to him, and giving him an opportunity to show cause against it.   A receiver will not be appointed upon an *ex parte* application, before the appearance of the defendant, or until he has made default, after service of process, except in cases of emergency.   No necessity is shown for immediate action in this case.   The care and preservation of the property is not attended with expense. The property itself is not perishable, and it does not appear

that delay will be attended with loss or harm to any one. The disposal of the property is restrained by injunction, and if this process of the court will not protect it, a receivership would be of but little avail. The real property is situated without the jurisdiction of the court, and the personalty would seem to be also out of this state, as it consists of lead ore, taken from the lands in question, and is not averred to have been brought within the state. Ripley is not subject to the process of the court, or within its jurisdiction; and it is not entirely clear how, or in what way, unless he comes within the state, or voluntarily appears in the action, this provisional remedy is to be of any avail to the plaintiff. This application is, as against Ripley, strictly *ex parte*. A receiver appointed by this court, would not I think, be able to make title under his appointment, to property in Massachusetts, in the possession of the owner there, who had not been within this state, or in any way made answerable to the process of the court. The property, if it has not been conveyed to McConochie & Co., and placed under their control, and in their possession, actual or constructive, by the act of the plaintiff and Ripley, or one of them, is still in the custody and under their control, so that McConochie & Co. could not, if they would, put a receiver in possession of it. But with the effect of the order I have no concern. It is sufficient upon this branch of the motion, that Ripley, who by the order asked for, is to be dispossessed of the propery, is entitled to notice of the application.

2d. The McConochies are not in a situation to be affected, except incidentally; and as it would interfere with their ability to enforce their lien by the appointment of a receiver, they are not, therefore, to be called upon to permit the property to go into the hands of a receiver, except, indeed, it could be made to appear that a receiver was necessary to secure the payment of their debt, or the appointment was made subject to their rights. Their only present claim

Field agt. Ripley.

to the property, or to the possession, or to the right to dispose of any part of it, is as creditors, and by virtue of the lien, legal or equitable, created by the contract between themselves and Field & Ripley.   It is by way of security only that they can claim any present rights, and it is this present right that it is sought to disturb by the appointment of a receiver.   By the executory contract they may or may not hereafter become owners in common of the mines with the plaintiff and Ripley; but in anticipation of such event, entirely contingent, it will not answer to interfere with a present vested interest of an entirely different character. The debt of McConochie & Co. is not disputed; the validity of their lien (whether legal or equitable is not material) is not controverted.   The plaintiff and Ripley have agreed, by way of receiving the money advances of McConochie, that they will from time to time, as they raise the ore from the mines and prepare it for market, convey it to their debtors to be disposed of for the payment of their debts. It would require a very strong case to induce the court to vary this contract, and itself undertake to act by its agents, and receive and dispose of the ore for the benefit of whom it might concern.   The plaintiff has a remedy, and may by paying the debt to McConochie & Co. relieve himself, perhaps, from this part of the contract; at least he may place himself in a position in which the merits of the application for a receiver would be more apparent.   The McConochies have performed their part of the contract, and are largely out of pocket, and it would be wrong to deprive them in this summary way, and without some very good reason, of the benefits to which they are entitled, and the security for which they contracted.   The motion must be denied, with costs, with leave to renew it, as the plaintiff shall be advised after service of process on Ripley, or after his appearance in the action.