FINANCE CO. OF PENNSYLVANIA *et al.* *v.* CHARLESTON, C. & C. R. CO.

(*Circuit Court, D. South Carolina.* February 25, 1891.)

RECEIVER—APPOINTMENT.
  In proceedings for the appointment of a receiver of an insolvent railroad company, one who is a party to or counsel in the cause, or who has been an officer of the company, will not be made the permanent receiver.

In Equity.
*Samuel Lord* and *J. N. Nathans*, for complainants.
*Newman Erb*, *Mitchell & Smith*, *Smythe & Lee*, and *G. W. McCormack*, for defendants.

BOND, J. This is a motion for the appointment of a permanent receiver for the defendant railroad company. At the outset, upon the filing of the bill, it was absolutely necessary, in the interest of the creditors and mortgagees of the defendant company, to appoint a receiver immediately. The railroad extended over three states, and passed through several counties in each, where courts were in existence, having jurisdiction to adjudicate claims arising within their territorial limits. Manifestly, it was of the utmost importance that the control of the line should be in one place and under one jurisdiction. Endless confusion would

otherwise have arisen. Questions of priority of liens, and of the rights of different parties, could be thus uniformly determined, and while the sale of the road as an entirety, if the result of the litigation should result in a sale, might produce a fund for distribution among creditors, the sale of so much of it as the courts of the state had within their respective jurisdictions would result in failure. The appointment of the temporary receiver was made at the suggestion of complainants, whose counsel he was, because he was a person well known to the court as a lawyer of great ability and of unquestioned integrity, and his conduct of affairs since his appointment has justified in the highest degree the confidence of both the complainants and the court. But it has been the uniform practice in this circuit to appoint no one receiver of a railroad corporation who has been one of its officers, or who had anything to do with its control prior to its insolvency. It has always been thought that while the insolvency of the company might have been caused by misfortune, and by no default of its direction, nevertheless those who were about to lose their property, or had it placed in jeopardy, were entitled, in all reason and fairness, to a new management, though perhaps not a better one. In the one case, there is some hope; in the other, there can be expected but the former result. Now, where we have the names of three persons suggested to us by parties in interest, for appointment as permanent receiver, we think, while we have the highest respect for Mr. Dickinson, he ought not to be made permanent receiver, because he was a director in the road, and is a party to the suit. And though, if it were left to us to do as our inclinations lead us, we would · continue Mr. Lord as receiver, we think that, as he is counsel for the complainants, and can see, from what is already disclosed in the cause, that there are bitter conflicting interests, all parties will have a sense of fairness in the conduct of the receivership if a person entirely disinterested be appointed. We are sure this will be seen at once by Mr. Lord, who was recommended to the court by all the complainants, some of whom now object to his appointment as permanent receiver. From the report filed by the temporary receiver it is apparent that the railroad is in a most wretched condition. It appears that it is positively dangerous to run it. To put it in anything like the condition it ought to be to transport passengers safely will cost more than $100,000. The receiver has no funds for that purpose, even if it was the duty of the court to repair mortgaged railroads; he is not likely to have, for the running expenses exceed largely the receipts. One justification a court has in holding possession of a railroad without a sale, after the case is matured, is the hope that the unsecured creditors may possibly get some return for their labor or property. Here there is no cheerful ray of hope. The receivership must be a short one. There must be a speedy sale, and those who are secured by the mortgage, which these proceedings seek to foreclose, must take their security after payment of prior liens, if there be any such, and do the best they can with it. Under these circumstances, we have thought it best to select the third person named to us as receiver, Mr. D. H. Chamberlain, now the receiver of the South

Carolina road, with which the Charleston, Cincinnati & Chicago Railroad connects, and an order will be passed accordingly. Unless in cases of imperative necessity, no person will be appointed receiver of a railroad company who is a party to or of counsel in the cause, or who has been an officer in, or an official of, the insolvent corporation.

SIMONTON, J., concurs.