GLINES *v.* SUPREME SITTING ORDER OF IRON HALL.

*(Supreme Court, Special Term, New York County.   October 5, 1892.)*

1. FOREIGN CORPORATIONS—SERVICE OF PROCESS—"MANAGING AGENT."

Code Civil Proc. § 432, subd. 1, provides that service of summons on a foreign corporation may be made on the president, treasurer, or secretary.  Subdivision 2 provides that such service may be made on a person designated for that purpose in writing.  Subdivision 3 provides that,"if such a designation is not in force, or if neither the person designated nor an officer specified in subdivision first of this section can be found with due diligence, and the corporation has property within ·the state, or the cause of action arose therein," service may be made on "the cashier, a director, or managing agent of the corporation within the state." *Held,* that the court did not acquire personal jurisdiction of a foreign corporation by service of a summons on a person as "managing agent" of defendant, where the return failed to show that the president, treasurer, or secretary of defendant could not, with diligence, have been found within the state.

2. RECEIVERS—JURISDICTION TO APPOINT EX PARTE.

The appointment of a receiver for a foreign corporation is not void because the court at the time had not acquired personal jurisdiction of the defendant, where it had jurisdiction of the subject-matter by a showing of an immediate necessity for such appointment.

Action by Moses K. Glines against the Supreme Sitting Order of the Iron Hall.  Motion of defendant to vacate order appointing receiver.  Denied.

*Morse, Koones & Findlay,* for plaintiff.   *Taylor L. Arms* and *Agar, Ely & Fulton,* for defendant.

O'BRIEN, J.   This motion is made to vacate an order, granted on August 26th, appointing a receiver, on the ground that the court was without jurisdiction.   The motion is made on the papers, which include the summons, complaint, affidavit, and order to show cause, which were the basis of the order appointing the receiver.   From such original papers it appears that the defendant is a foreign corporation, and the affidavit of service states that the papers were served on the defendant "by delivering a copy of the same to C. H. Cooper, the deputy supreme justice of the defendant for this district, and the defendant's managing agent in this district, and leaving the same with him, and at the same time showing him the original of said affidavit and order.   Deponent further says that he knew the person served as aforesaid to be the said C. H. Cooper, the deputy supreme justice and managing agent of the defendant herein; that deponent was informed by the deputy superintendent of insurance of this state that the defendant had no right to do business in this state, and had made no designation of any one on whom to serve papers."   Another of the original papers is an affidavit made by one Norris, who states, in effect, that he is a member of one of the local branches, and is acquainted with the deputy supreme justice, C. H. Cooper, "who has been for several years an appointee of the supreme justice, Somerby, who has been the chief officer of the defendant for several years past.   Said Cooper is the deputy supreme justice in charge of this district, composed of New York and Kings county, this state, and the representative and agent of the defendant in said district."   That while calling upon said Cooper the latter "produced a letter which contained a telegram received from a member of the finance committee of this defendant, in words as follows: 'Secure New York membership; act promptly; hold all moneys; look for a communication; call a meeting of all trustees the first of the week,'—which the said Cooper declared he understood as ·instructing him to warn the trustees of all local branches to secure the reserve fund at once, and place it where a receiver could not find it were a receiver appointed, and that he was about to proceed accordingly to notify the said trustees.   That he had sent a letter to the trustees of the various local branches in his district covering ·the instructions heretofore referred to.   He further stated that the aforesaid telegram was practically from said Somerby; it was sent by a man who was so near

Somerby that it meant Somerby, and he was acting as if it was from Somerby." Upon the summons and complaint and affidavits, showing that necessity existed for. securing and preserving the assets, and the defendant having made default in appearing upon the return day of the order to show cause why a receiver should be appointed, an order appointing a receiver was made. And the question thus presented is whether the affidavit of service and the other papers were sufficient to confer jurisdiction upon the court to make the order.

Code, § 432, provides in what manner service shall be made upon a defendant being a foreign corporation. By the first subdivision of this section it is provided that service may be made upon the president, treasurer, or secretary; by the second, upon a person designated for the purpose in writing; and by the third subdivision it is provided: "If such a designation is not in force, or if neither the person designated nor an officer specified in subdivision first of this section can be found with due diligence, and the corporation has property within the state, or the cause of action arose therein, to the cashier, a director, or managing agent of the corporation within the state."

Upon an examination of the affidavits given at length above, the service was clearly defective, because it did not therein appear—*First,* that, the president, treasurer, or secretary of the defendant could not be found with due diligence in the state; and, *second,* it does not appear that C. H. Cooper was in fact a managing agent of the defendant. With respect to the first, a perusal of the papers will show that no facts are stated from which the court could conclude that any diligence was exercised for the purpose of serving the summons and complaint upon the president, treasurer, or secretary. As to the second objection, it is true that the person serving the papers states that Cooper was the managing agent of the defendant. This, however, is a mere statement of his conclusion as to what Cooper's position with the defendant is, and there is nothing in the papers from which the court itself could draw any such conclusion. If, however, we give the affidavit of Norris a construction most favorable to the plaintiff's view, it fails to show that the person served was a "managing agent," within the designation of that term as used in the Code. In *Reddington* v. *Mariposa L. & M. Co.,* 19 Hun, 405, 408, it is said: "It is quite clear that the legislature attached importance to the term 'managing agent,' and employed it to distinguish a person who should be invested with general power, involving the exercise of judgment and discretion, from an ordinary agent or employe who acted in an inferior capacity, and under the direction and control of superior authority, both in regard to the extent of the work and the manner of executing the same. That service, to be rendered effectual, * * * must be made upon one of the officers specified therein, or upon a person whose powers and duties correspond to the term 'managing agent,' as we have endeavored to define it." In answer to the motion to vacate the order appointing the receiver, as the papers upon which the order was made did not show service upon the defendant, it was sought to cure this defect by supplemental affidavits,—although it is doubtful if any such papers were proper,—showing that Cooper was either a managing agent or a director of the defendant, and therein facts were presented from which the court was asked to so conclude. In addition, it was made to appear that since the order appointing the receiver was made, and after the granting of the order to show cause to vacate the order appointing the receiver, the defendant appeared in the action and answered.

What effect the subsequent appearance and the putting in of an answer by the defendant would have upon the validity of the service, for the purpose of obtaining jurisdiction over the person of the defendant, it is unnecessary to discuss, in view of the conclusion at which I have arrived as to the validity of the order. No question is presented on this motion as to the necessity for the appointment of a temporary receiver, and the facts upon which

the plaintiff moved, showing the necessity for the immediate appointment of a temporary receiver, are not placed in dispute. It is practically conceded to have been a case eminently proper for the immediate appointment of a temporary receiver, to the end that funds in this state might not be removed therefrom by persons who had been shown to have squandered the funds of the order received from branches in this state. In such fund the members of the order here claim to have title and interest, and the action was brought after the appointment of a receiver in Indianapolis, to prevent the funds here being taken away, to the injury and detriment of members residents of our own state. If, under such circumstances, the power to appoint a receiver was dependent upon the court having obtained jurisdiction over the person of the defendant, which is the ground upon which the moving parties solely rely to obtain a vacation of the order appointing a receiver, then I should be inclined to think that, the service upon the person being defective, the order itself could not be upheld. Upon reading, however, the section of the Code, and having in mind the jurisdiction exercised by the supreme court, it is clear that the right and power of the court to appoint a receiver in the first instance, *ex parte* and without notice, are abundant. Such right is not dependent upon the court having acquired jurisdiction over the person of the defendant; it being sufficient that, having jurisdiction over the subject-matter, the facts presented show the necessity for the exercise of the court's undoubted power. Such power should be cautiously exercised, and therefore the general rule is to give notice to the defendant of such applications. The validity, however, of an order appointing a receiver is not dependent upon notice to, or upon the court's obtaining jurisdiction over, the person of the defendant.

In *People* v. *Railroad Co.*, 7 Abb. Pr. (N. S.) 290, it is said: "In *Verplanck* v. *Insurance Co.*, 2 Paige, 450, Chancellor WALWORTH states the rule as follows: ' By the settled practice of this court in ordinary suits, a receiver cannot be appointed *ex parte* before the defendant has had an opportunity to be heard in relation to his rights, except in those cases where he is out of the jurisdiction of the court, and cannot be found, or where, for some other reason, it becomes absolutely necessary for the court to interfere before there is time to give notice to the opposite party to prevent the destruction or loss of property.' The same rule is reasserted by the chancellor in *Sandford* v. *Sinclair*, 8 Paige, 374, and in *Gibson* v. *Martin*, Id. 481, and is asserted in numerous cases, among which are *Field* v. *Ripley*, 20 How. Pr. 26; *McCarthy* v. *Peake*, 9 Abb. Pr. 166, and *Dowling* v. *Hudson*, 14 Beav. 423. In the case of *Verplanck* v. *Insurance Co.*, *supra*, the chancellor also said that ' in every case where the court is asked to deprive the defendant of the possession of his property without a hearing, or an opportunity to oppose the application, the particular facts and circumstances which render such a summary proceeding proper should be set forth in the bill or petition on which application is founded.' " Upon the papers, I think such a case was here presented, it having been shown that there was danger of the assets being removed, and the exigency demanding the immediate appointment of a temporary receiver, with a view to hold the property and preserve it for residents here claiming title thereto.

No suggestion is made in regard to the fitness or unfitness of the person selected as receiver, nor as to the amount of security given by him. He was appointed on his own application, and without the court having any facts before it showing that his appointment was not in all respects proper. If any reasons exist why he should not be retained in that position, or upon its being shown that the assets are largely in excess of what was represented upon the original motion, thus demanding that additional security should be given by the receiver, these can only be considered when presented upon proper motions. This motion to vacate the order is based exclusively upon the ground

that, the court not having jurisdiction of the person of the defendant, the order appointing the receiver was a nullity; and, I having reached the conclusion that this view is not correct, the motion, for that reason alone, must be denied.