PRICE v. PRICE.

In re LAWRENCE.

(Supreme Court, Appellate Division, First Department. November 12, 1897.)

1. RECEIVERS—SUBSTITUTION.
    In an action brought in October, 1896, for a dissolution of the partnership between plaintiff and defendant, and for a receiver, R. was, upon mutual consent, appointed temporary receiver of all the partnership assets. In November, 1896, B., a creditor of the firm, recovered a judgment against plaintiff and defendant, and, after return of execution unsatisfied, procured the appointment of L., in supplementary proceedings, as receiver of their property. Thereafter, upon motion, the appointment of R. was superseded by that of L., to whom R. was directed to turn over the assets under his control. There was nothing to show that the first receivership had been or would be used to hinder, delay, or defraud the creditors of the firm. On appeal from the order superseding R., *held*, that it should have been denied upon condition that the action for dissolution should not be discontinued, nor the receiver therein discharged, except upon notice.

2. PARTNERSHIP—ACTION TO DISSOLVE—DISCONTINUANCE.
    In an action between partners, for dissolution of the firm, the defendant who has appeared in the action is entitled, although he has not answered, to be heard upon the question of discontinuance of the action, and to insist upon its being maintained for the purposes of protecting the property and effecting a proper application to the payment of firm debts without preferences.

Appeal from special term.

Action by Barnett L. Price against Barnett L. Price for dissolution of a partnership. From an order superseding a receiver, William R. Rose appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, and INGRAHAM, JJ.

Gibson Putzel, for appellant.
James Kearney, for respondent.

VAN BRUNT, P. J. This action was brought in October, 1896, for the dissolution of the firm of B. L. Price & Co., composed of the plaintiff and the defendant, and for the appointment of a receiver of

all the partnership assets. Upon the complaint and affidavit, and with the consent of the defendant, an order was entered appointing the appellant, William R. Rose, temporary receiver of all the partnership assets; and Mr. Rose entered upon the duties of his trust. On the 21st of November, 1896, J. L. Baily & Co. duly recovered a judgment against B. L. Price & Co., and issued an execution to the sheriff of New York, which execution was returned unsatisfied. On the 12th of December, 1896, an order was duly made and entered appointing William M. Lawrence a receiver of the property of the members of the firm, and Lawrence duly qualified as such receiver. Thereupon, in February, 1897, a motion was made to supersede the appointment of Rose by the appointment of Lawrence as receiver, and requiring Rose to deliver over to Lawrence all the property, assets, and choses in action in his possession or under his control belonging to the judgment debtors. This motion was granted, and, from the order thereupon entered, this appeal is taken.

It is sought to justify the order by the decision of this court in the cases of Schloss v. Schloss, 14 App. Div. 333, 43 N. Y. Supp. 788, and Myers v. Myers, 15 App. Div. 448, 44 N. Y. Supp. 513. In considering the questions involved upon this appeal, it must be borne in mind that the receiver appointed in the co-partnership action is for the benefit of all the creditors of the firm, whereas the receiver appointed in the supplementary proceeding is for the benefit of that judgment creditor only, and gives that judgment creditor a preference over all the other creditors of the concern. If there were anything in these papers to show that the receivership had been used as a shield for the purpose of hindering, delaying, or defrauding the creditors of the firm, then undoubtedly the order under review could be sustained. But the record is absolutely barren of any evidence of that kind. It appears that the appointment of Rose is entirely satisfactory to a large number of the creditors of the concern, and there is no evidence of any collusion on his part with the members of the firm or with any of the creditors. There is nothing to show but that he will do his duty faithfully, and will recover the assets of the firm, and distribute them among the creditors as far as he may be able.

It is true that the papers contain an affidavit made by the plaintiff's attorney that he was instructed by the plaintiff to discontinue the action, and that he so notified his adversary, and also the receiver, and that he was simply waiting an opportunity to discontinue the action. But the discontinuance of the action did not rest with the plaintiff. The defendant who had appeared in the action, although he did not answer, was entitled to be heard upon that subject, and to insist upon the action being maintained for the purpose of protecting the property of the firm, in order that it might be applied to the payment of the firm debts, and that no creditor should obtain a preference. Under these circumstances it does not seem to us that justice would be done to the creditors of this concern by allowing one of them to obtain a preference, there being nothing to impeach the good faith of the receiver or the honesty of his

proceedings. We think, therefore, that the motion ought to have been denied, upon condition that this action should not be discontinued, or the receiver herein discharged, except upon notice to the respondent.

The order should therefore be reversed, and the motion denied, upon the foregoing condition, without costs. All concur.