(26 Misc. Rep. 69.)

### BUCKI v. BUCKI et al.

(Supreme Court, Special Term, New York County. January, 1899.)

1. SUPPLEMENTARY PROCEEDINGS—EXAMINATION OF THIRD PARTY—OBJECTION TO JUDGMENT.
   Code Civ. Proc. §§ 2441, 2458, allows the examination of a third party in supplementary proceedings on proof of a judgment against the debtor on personal service, his appearance, or substituted service. In an action, commenced by personal service, by a wife for separation, she was given a decree, and awarded alimony, the husband having defended. On proof of nonpayment of an installment, the court made an order ex parte, it being impossible to find defendant, directing a personal judgment. Held, that the irregularity, if any, in directing the judgment, could not be taken advantage of by a third party in supplementary proceedings.

2. SAME—AFFIDAVIT.
   An affidavit for an order in supplementary proceedings for the examination of a third party made by plaintiff's attorney, and simply stating that such third party has property of defendant, without disclosing the means of knowledge, is sufficient.

3. SAME.
    Where, in sequestration proceedings against a judgment defendant to
    . enforce payment of judgment, a receiver is appointed, a third party,
    having property formerly belonging to defendant, cannot be examined in
    supplementary proceedings, since the receiver takes title to the property.

Action by Hattie E. Bucki against Charles L. Bucki.     Plaintiff obtained an order for the examination in supplementary proceedings of a third party, who moved to vacate the order.     Motion granted.

Howe & Hummel (N. Cohen, of counsel), for plaintiff.
Sam H. Guggenheimer, for defendant Weiler.

RUSSELL, J.     The examination of a third party to reach personal property in his hands belonging to the judgment debtor must be obtained by proof of a judgment against the debtor upon the personal service of the summons, his appearance, or the substituted service required by law, the issue of an execution to the proper county, and of the fact that the person or corporation has personal property of the judgment debtor exceeding $10, or is indebted to him in a sum exceeding that amount.     Code Civ. Proc. §§ 2441, 2458.

The third party in this case, by his counsel, attacks the validity of the judgment.     It was rendered in an action brought for separation, in which alimony was awarded for the amount of $2,500 a year; and, upon proof of nonpayment of some of the installments, a personal judgment was directed to be docketed by an order made ex parte, it being impossible to find the defendant within the state.     Counsel claims that such judgment was not rendered upon the personal service of a summons; that the final judgment in the case was the one which decreed a separation and awarded alimony, which was only enforceable by proceedings for sequestration or contempt; and that it was necessary to begin a new action to recover the amount unpaid in order to justify the recovery of a judgment which might be docketed.     It will be seen that the merits of the right of the plaintiff to a sum of money have already been adjudicated in an action begun by the personal service of a summons, and in which the defendant appeared, the case having been carried to the court of appeals upon the appeal of the defendant. 49 N. E. 1094.     It would seem to be a very useless formality to require the bringing of a new action for the simple purpose of having a judgment docketed, upon which the ordinary remedies for collection might operate.     I do not see any reason why the judgment might not, by proper order made, provide for docketing in case of nonpayment, as in a foreclosure case for deficiency.     At most, this judgment could be said to be only irregular, for jurisdiction over the defendant for the purposes of the action, one of which was the payment of alimony, was once obtained by the service of the summons and the defendant's voluntary appearance.     If the awarding of a judgment for money was irregular, the defendant only can attack it, and he must do so by a proper motion.     No stranger to the motion can take advantage of such irregularity.     This view seems to be taken by the court of appeals in considering the case of Wetmore v. Wetmore, 149 N. Y. 521, 527, 44 N. E. 169, in which the opinion approves of the cases of Miller v. Miller, 7 Hun, 208, and Lansing v. Lansing, 4 Lans. 377.

Objection is also made by counsel for the third party that the affidavit upon which the order was granted to examine this third party was insufficient, because made by the attorney for the plaintiff, who stated simply that the third party had personal property exceeding $10 in value belonging to the judgment debtor, without disclosing his means of knowledge or information. The tendency of the courts seems to require in an affidavit to justify a statutory remedy, like an attachment, injunction, or other process of a compulsory character, that the affiant shall either display such a position as inferentially to prove a supposed familiarity with the events of which he speaks, or shall disclose the means of information and sources of his knowledge, and that such kind of evidence is the only satisfactory proof. Crowns v. Vail, 51 Hun, 205, 4 N. Y. Supp. 324; Hoormann v. Cycle Co., 9 App. Div. 579, 41 N. Y. Supp. 710. But this precise question has been decided by the appellate division in the Second department, and such an affidavit sustained. Bruen v. Nickels, 30 App. Div. 396, 51 N. Y. Supp. 352.

There is, however, upon the record, sufficient to show that the statement of the attorney as to the third party having personal property in his possession belonging to the defendant, is not sufficient proof of the fact to justify the continuance of this order, the motion having been made to vacate it. It appears that sequestration proceedings were instituted as against the defendant to enforce the payment of alimony, and a receiver appointed in those proceedings. He takes title to all the personalty belonging to the defendant. If the third party had in his possession any personalty which once belonged to the defendant, and which did not pass by good title to the third party, that personalty now belongs to the receiver. The object of the order to examine the third party is to provide for the payment of any indebtedness or the delivery of any personal property, under the force of the supplementary proceedings so inaugurated, which cannot be accomplished in this case, as the sequestration receiver is entitled to take such personalty of the defendant. That receiver has the remedies afforded by law to ascertain what property he is entitled to claim from this third party, and therefore this third party should not be subject to the requirements of a useless proceeding. The motion to set aside the order is therefore granted, with $10 costs.

Motion granted, with $10 costs.