In re PRICE et al.

(District Court, S. D. New York. April 5, 1899.)

BANKRUPTCY—COLLECTION OF ASSETS—PROPERTY IN CUSTODY OF RECEIVER OF STATE COURT.

Where a state court, in a suit between insolvent partners for dissolution of the partnership and settlement of its affairs, had appointed a receiver pendente lite, who had collected the assets, but no distribution to creditors could be made, for the reason that no answer had been filed in the suit or decree made therein, and meanwhile both partners were

adjudged bankrupt and a trustee was appointed, *held*, that the court of bankruptcy could not order the receiver to surrender the property to the trustee,, but that the latter would be authorized to apply to the state court to be substituted as plaintiff in the action, and to move that court for the entry of a decree in the case, and for an order directing the receiver to transfer the assets to him.

In Bankruptcy.

Mark Ash, for trustee.

Gibson Putzel, for receiver.

BROWN, District Judge. This is an application by the trustee in bankruptcy of the co-partnership firm of B. L. Price & Co., for an order directing William R. Rose, a receiver appointed in the supreme court of the state, to turn over to the trustee certain assets of that firm in the receiver's possession.

The two co-partners composing the firm were adjudged bankrupts on their own petition on December 2, 1898, pursuant to the provisions of the bankrupt law. On January 12, 1899, the petitioner was appointed trustee at a meeting of the creditors and thereafter duly qualified as such. The creditors have proved their claims and are awaiting distribution of assets.

The property and assets which the trustee asks to have turned over to him amount to $2,245.87, as stated in the petition, being the proceeds of sales of property of the bankrupts and of the collection of debts belonging to them. Mr. Rose was appointed receiver pendente lite by consent of the parties in an action in the supreme court of the state, on October 6, 1896, three days after the commencement of the action, which was brought by one partner against the other, on a complaint alleging the insolvency of the firm, and asking for a decree of dissolution, the appointment of a receiver, and the distribution of the effects among its creditors. No answer was put in, and no decree in that suit has ever been entered. The receiver by the order appointing him was authorized to take immediate possession of all the partnership property, to collect the outstanding debts, and to sell the merchandise of the firm; and the parties to that action were directed to execute all necessary transfers to complete the receiver's title to all the firm property.

In November, 1896, J. L. Baily & Co. recovered a judgment against B. L. Price & Co., and in supplementary proceedings upon that judgment they obtained on December 12, 1896, the appointment of William L. Lawrence as receiver in behalf of those judgment creditors alone. In February, 1897, the receiver last named made a motion to supersede the appointment of Rose and that the property in his hands be delivered to Lawrence, as receiver in supplementary proceedings. The effect of this motion, if successful, would have been to give the judgment creditors a preference in the payment of their debts out of the partnership assets. On appeal to the appellate division the motion in November, 1897, was denied, upon condition that the partnership suit should not be discontinued or the partnership receiver discharged "except upon notice to the respondents." 21 App. Div. 597, 599, 47 N. Y. Supp. 772.

The proceeds of the partnership property have now been long in the receiver's hands without any further steps taken towards their distribution among creditors. The state court is not in condition to make such distribution until after a decree in the suit is entered adjudging the insolvency of the firm, and the consequent authority of the court to call on the partnership creditors to make proof of their claims, adjudicate thereon, and distribute the proceeds as equity may require. Before decree the court does not act the part of a litigant, ex proprio motu; nor before decree do creditors at large have any status in an ordinary partnership suit for carrying on effective litigation; and owing to the differences between the partners, no progress in that action has been made for upwards of two years; so that while the assets are there impounded, the object of the suit so far as respects distribution is at present thwarted.

In the meantime an adjudication of bankruptcy has been had in this court against both partners; all the creditors have appeared and proved their claims according to law; the trustee has been appointed and qualified, and nothing remains to be done for the immediate distribution of the assets among creditors, pro rata, without further delay, litigation or expense, except turning over those assets to the trustee for that purpose.

This court, however, can make no order requiring the receiver in a state court to transfer the assets in his custody to the trustee in bankruptcy. The receiver is an officer of the state court; that court had full jurisdiction of the action to dissolve the partnership, and under its authority the receiver became vested with the title for the purpose of that action, which included a distribution of the property among creditors. The bankruptcy act does, indeed, vest in the trustee the title to all the bankrupt's property and rights of action whether legal or equitable (30 Stat. 565, § 70); but this does not authorize an interference by one court with the property lawfully in possession of another court of competent jurisdiction (Clark v. Bininger, 3 N. B. R. 518, 528, and cases there cited, s. c. 38 How. Prac. 341; Sedgwick v. Menck, 1 N. B. R. 675, Fed. Cas. No. 12,616).

The application for the order asked for must therefore be denied. The application should be made to the state court.

As the trustee in bankruptcy, however, represents creditors in the collection of assets or moneys of the estate for purposes of distribution; and as he also represents the bankrupts as regards any rights of action in reference thereto, and under section 11 may be "permitted to prosecute as trustee any suit commenced by the bankrupt prior to the adjudication" (30 Stat. 549), an order may be entered authorizing the trustee to apply to the state court for an order directing the receiver to transfer the fund to him for distribution among the creditors in the bankruptcy proceeding, and to that end, that the trustee may be substituted as plaintiff in the state suit in place of the bankrupt therein, and enter the appropriate decree adjudging the insolvency of the firm, and directing the payment of the funds in the receiver's hands to the trustee for distribution among creditors.