POPPER v. SUPREME COUNCIL OF ORDER OF CHOSEN FRIENDS.

(Supreme Court, Appellate Division, Second Department. May- 31, 1901.)

1. FOREIGN CORPORATION—INSOLVENCY—RESIDENT CREDITOR—ACTION—MAINTENANCE—RECEIVER.

Where an insolvent foreign corporation had assets in New York, which were claimed by a foreign receiver, and certain resident creditors had commenced actions, and attached such assets, a resident creditor, not secured by attachment, can maintain an action on behalf of himself and others similarly situated for the appointment of a receiver of the corporate property in this state, to prevent a waste, and to secure an equitable distribution among the resident creditors.

2. SAME—SUPREME COURT—JURISDICTION.

Where an insolvent foreign corporation had property in New York. which was being attached by resident creditors, and there was danger that it would be wasted and dissipated in litigation, the supreme court has jurisdiction to appoint a receiver of property for the corporation, to secure an equitable distribution of its assets in this state among the resident creditors.

3. SAME—RECEIVER OF PROPERTY.

Code Civ. Proc. § 1810, providing that a receiver of the property of a corporation can be appointed in an action brought by the attorney general or by a stockholder to preserve the assets of the corporation; and section 1812, declaring that section 1810 shall apply to a corporation created under the laws of another state, where the corporation transacts business or has a business or fiscal agency in New York,—do not prevent the supreme court from exercising jurisdiction of an action by a resident creditor for the appointment of a receiver of property for an insolvent foreign corporation, and to secure an equitable distribution of its assets in this state among its resident credlitors.

Appeal from special term, Queens county.

Action by Emanuel Popper against the Supreme Council of the Order of Chosen Friends. From an interlocutory order overruling a demurrer to the complaint, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Howard H. Morse (Thomas Cooper Byrnes, on the brief), for appellant.

William L. Mathot, for respondent.

GOODRICH, P. J. The complaint alleges these facts: The plaintiff, a resident of this state, is the beneficiary named in a certificate of membership which was issued by the defendant, in 1885, to Henrietta Popper, the wife of the plaintiff. She continued a member of the defendant until her death, in 1900. Due notice of her death was given to the defendant, but the claim has not been paid. The defendant is an Indiana corporation, having subordinate lodges and carrying on business in this state. It became insolvent, and a receiver was appointed by a court of Indiana. The receiver claims the right to the possession of the assets of the corporation in this state. Other parties having claims against the order have commenced actions and obtained attachments against the assets in this state. These assets consist of moneys on deposit in banks and moneys due from subordinate councils, and are in danger of being dissipated by litigation, and of being unequally applied to payments of the claims of creditors. The plaintiff, on behalf of himself and others similarly situated, asks that the funds of the defendant in this state may be brought into court, and a receiver appointed, so that the funds may be equitably distributed among the claimants entitled thereto. The defendant appeared, and demurred on the ground that the court has no jurisdiction of the person of the defendant or the subject of the action, and that the complaint does not state facts sufficient to constitute a cause of action. The demurrer being overruled, the defendant appeals.

In Glines v. Order of Iron Hall (Sup.) 20 N. Y. Supp. 275, 21 N. Y. Supp. 543; Mosher v. Same, 88 Hun, 394, 34 N. Y. Supp. 816, and in Glines v. Trust Co., 68 Hun, 511, 22 N. Y. Supp. 1023, the right of the plaintiff to maintain an action of this character is recognized. In People v. Granite State Provident Ass'n, 41 App. Div. 257, 58 N. Y. Supp. 510, affirmed in 161 N. Y. 492, 55 N. E. 1053, this court, speaking through Mr. Justice Cullen, recognized the jurisdiction of the court over the general assets of a foreign corporation within this state, and the power of the court to distribute them. It is true that the action was brought by the attorney general, under section 1810, subd. 3, Code Civ. Proc., but this does not affect the question under consideration. We are not now concerned with the question of the distribution or disposition of the funds in the manner adopted in that case, but simply with the question of jurisdiction, and whether the complaint states facts sufficient to constitute a cause of action. There is a manifest distinction between a receiver of property of a corporation and a receiver of the corporation. In this action the plaintiff asks for the former only, in order to prevent waste of assets. The power to appoint a receiver of the property of a corporation is inherent in the supreme court, and was recognized in Hegewisch v. Silver, 140 N. Y. 414, 420, 35 N. E. 658. Sections 1810 and 1812 of the Code of Civil Procedure do not interfere with this power; and, if they did,

it might well be that they would be unconstitutional, as infringing the ancient jurisdiction of the court. Const. art. 6, § 1. See, also, Beach, Rec. (2d Ed.) § 3, where the author speaks of the distinction suggested, and refers to instances where ancillary receivers are appointed in a jurisdiction other than that wherein the original receiver was appointed. It seems quite clear that the complaint states a condition of facts which may require the equitable intervention of the court to secure equality of payment of claims due creditors of the defendant corporation residing in this state by preventing priority through attachments and judgments.

The interlocutory judgment should be affirmed, with costs. All concur.