(99 App. Div. 214)

REUSENS v. MANUFACTURING & SELLING CO. OF AMERICA.

(Supreme Court, Appellate Division, First Department. December 9, 1904.)

1. FOREIGN CORPORATIONS—PRESERVATION OF ASSETS—RECEIVERS—APPOINT-
   MENT—JURISDICTION.
      The Supreme Court, at the instance of a stockholder of a foreign cor-
   poration, whose principal place of business is within the state, has juris-
   diction to appoint a receiver of its assets to preserve them for the benefit
   of creditors.

2. SAME—PLEADING.
      A stockholder of a foreign corporation alleged that the directors had
   given over entire control to one of their number, who was disposing of
   the corporation's business without authority of the stockholders, and in
   violation of the laws of the state of the corporation's domicile; that the
   corporation's principal place of business was in New York, as were also its
   assets and books; that, though its debts and liabilities are upwards of
   $10,000 in excess of its assets, the proceeds of the same had been unlaw-
   fully paid to a certain corporation; and that, in order to preserve the
   property from being wasted, a receiver was necessary—and demanded
   judgment for the appointment of a receiver, and an injunction restrain-
   ing interference with such receiver or the property pendente lite. *Held*,
   that such complaint was not demurrable for want of facts.

Appeal from Special Term, New York County.

Bill by Guillaume Reusens against the Manufacturing & Selling Company of America. From an interlocutory judgment overruling a demurrer to plaintiff's amended complaint, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Charles B. Blair, for appellant.
Alfred H. Holbrook, for respondent.

HATCH, J. The complaint avers that the defendant is a foreign corporation organized and existing under the laws of the state of New Jersey, and that the plaintiff is a stockholder thereof. It furthers avers, in substance, that the defendant's board of directors have abdicated their functions, and handed over the entire control of the corporation to Ernest C. Mueller, one of the directors of the defendant, and that he is engaged in dissolving, liquidating, disposing of, and winding up the business of the defendant without the authority of the stockholders or the directors, and in violation of the laws of the state of New Jersey and of this state;

¶ 1. See Corporations, vol. 12, Cent. Dig. § 2666.

that the proceedings which have been had and taken in New Jersey to this end are unlawful; that its principal place of business is within this state, as are also all of its assets and books; that various persons are indebted to the defendant in various amounts; that said Mueller has unlawfully paid from the proceeds of the assets of the corporation $7,500 to the firm of Strobel, Wilkin & Co.; that the debts and liabilities of the defendant are upwards of $10,000 over and above all of its assets; that, in order to preserve the property of the corporation from being unlawfully distributed and wasted, it is necessary that a receiver in this state should be appointed of defendant's property and assets; and it demands judgment for the appointment of a receiver, and an injunction restraining any interference with such receiver or the property of the corporation until the final termination of the action. The demurrer interposed to the complaint is based upon two grounds: (1) That the court has not jurisdiction of the subject of the action; and (2) that the complaint does not state facts sufficient to constitute a cause of action. From the interlocutory judgment overruling the demurrer, an appeal is taken to this court.

We are of opinion that the complaint states a good cause of action. There is a radical distinction between an action which seeks to have a receiver appointed of the property and assets of a corporation, in order that they may be preserved from unlawful disposition and waste, and an action for the appointment of a receiver of the corporation. In the former case it is settled by an abundance of authority that the action will lie. Woerishoffer v. North River Construction Co., 6 Civ. Proc. R. 113; Popper v. Supreme Council, 61 App. Div. 405, 70 N. Y. Supp. 637. The exercise of such equitable jurisdiction has been recognized and applied by the General Term in this department (Redmond v. Hoge, 3 Hun, 171), and by this court (Hallenborg v. Greene, 66 App. Div. 590, 599, 73 N. Y. Supp. 403). In an action for the appointment of a receiver of a corporation at the instance of a stockholder or of a receiver appointed in a foreign jurisdiction, brought in this state to secure the appointment of an ancillary receiver, where the corporation is the sole defendant, it has been held that it will not lie. Such was the case of Mabon v. Ongley Electric Co., 156 N. Y. 196, 50 N. E. 805. Defendant's demurrer to the jurisdiction of the court is based mainly upon this case. It is evident, however, that it has but little, if any, application, for therein the relief sought was a receivership of the corporation itself, and the court held that such action could not be maintained, for the reason that the plaintiff therein already possessed all of the power and authority which the ancillary receiver would have obtained if one were appointed, and for the further reason that, as the receiver plaintiff therein virtually represented the corporation, he was, in legal effect, maintaining an action against himself, and that it could in no sense be said to be for the benefit of the corporation. In the present case the stockholder does not represent the corporation, but its creditors, and the action asks for the appointment of a receiver in order that the assets may be preserved for their benefit.

As the defendant is obligated to pay its debts, and is benefited when they are discharged, the action may also be said to be for the benefit of the corporation. The right to maintain such an action is recognized in the case last cited. Therein the court, speaking through Judge Vann, said:

"A receiver is sometimes appointed in an action brought by a stockholder of a foreign corporation, with its affairs in process of liquidation, upon proof of special facts showing that funds in this state are in jeopardy, owing to the insolvency of the custodian, * * * or upon the allegation of facts showing danger of loss, but in such cases the stockholders were powerless without a receiver."

That language precisely fits this case, and the court cites as authority to sustain its text most of the authorities to which we have called attention. It is true that the court adds that such jurisdiction will be exercised only when necessary to protect rights which would otherwise be lost or injured, were the exercise of jurisdiction denied.

It is unnecessary that we give any intimation as to whether the relief asked for will be granted. That will necessarily be determined upon the trial of the action after all the facts are developed. We are now only concerned with the question of jurisdiction, and not with the relief to be granted or refused upon a trial. That the court has jurisdiction is established by indubitable authority, and, having jurisdiction, the complaint states a cause of action.

It follows that the interlocutory judgment should be affirmed, with costs, and the defendant be permitted to plead over within 20 days on the payment of costs in this court and in the court below. All concur.