### HOWELL v. THE GERMAN THEATER. Inc.

(Supreme Court, Special Term, New York County. July 8, 1909.)

1. CORPORATIONS (§ 687*)—TEMPORARY RECEIVERS—POWERS.

The powers of a temporary receiver of the property of a foreign corporation, appointed to prevent waste pending a suit by a stockholder against the corporation and some of its officers to set aside fraudulent transfers and to prevent contemplated transfers, are not analogous to those of a permanent receiver, including the right to maintain an action for purposes specified in General Corporation Law (2 Consol. Laws, p. 1410) § 104, which supersedes Code Civ. Proc. § 1788; nor does section 240, defining the powers of a receiver appointed under section 306, subd. 3, authorize him to sue to collect the property of the corporation, but the title remains in the corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2670; Dec. Dig. § 687.*]

2. CORPORATIONS (§ 684*)—EXECUTION—SUPPLEMENTARY PROCEEDINGS—EXAMINATION OF THIRD PERSON—APPOINTMENT OF RECEIVER.

The appointment of a temporary receiver of a foreign corporation, to prevent waste pending a suit by a stockholder against the corporation and some of its officers, does not prevent a judgment creditor of the corporation from maintaining supplementary proceedings under Code Civ. Proc. § 2441, for the examination of a third person.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2666; Dec. Dig. § 684.*]

In the matter of proceedings supplementary to execution by Annita Howell, judgment creditor, against The German Theater, Incorporated, judgment debtor. Motion to vacate an order for the examination of the Fifty-Ninth Street & Madison Avenue Company denied.

---

Bond & Babson (Walter H. Bond, of counsel), for the motion.

Hirsch, Scheuerman & Limburg (Harry F. Mela, of counsel), opposed.

GIEGERICH, J. This is a motion by the Fifty-Ninth Street & Madison Avenue Company, a third party, for whose examination an order has been obtained, under section 2441 of the Code of Civil Procedure, to vacate such order upon the ground that at the time it was granted a temporary receiver of the property of The German Theater, Incorporated, the judgment debtor in this proceeding, had already been appointed in an action brought by one Maurice Baumfeld, on behalf of himself and all the other stockholders of The German Theater, Incorporated, who might elect to become parties to the action and contribute to the expense thereof, against The German Theater, Incorporated, and some of its officers, to have certain alleged fraudulent transfers of its property set aside, and also to prevent certain other contemplated transfers alleged to be fraudulent. In such action a temporary receiver of the property of the judgment debtor was appointed, to forthwith take possession of all of the assets of the corporation and hold the same until the further order of the court, to manage and continue the business of the corporation, and to convert its assets into cash.

As authority for this application, reliance is placed upon Bucki v. Bucki, 26 Misc. Rep. 69, 56 N. Y. Supp. 439, in which case a motion to set aside the order for the examination of a third person as to property belonging to the defendant was granted on the ground that sequestration proceedings had been instituted against the defendant to enforce the payment of alimony, and a receiver had been appointed in those proceedings. That case, however, is clearly distinguishable in its facts from the present one; the basis of the decision there being that the receiver in the sequestration proceedings took title to all the personalty belonging to the defendant, and that the receiver had the remedies afforded by law to discover what property he was entitled to claim from the third party sought to be examined, and that, therefore, the latter should not be subjected to the requirements of a useless proceeding. The receiver in this proceeding, however, did not, as will presently be shown, take title to any property of the judgment debtor, nor does he possess any authority to institute proceedings in order to ascertain what property he is entitled to claim from third persons.

The judgment debtor is a foreign corporation, and in order to prevent the unlawful disposition and waste of its property this court, in the exercise of its equitable jurisdiction, appointed a so-called common-law receiver pendente lite of its property. Such course was expressly sanctioned in Reusens v. Manufacturing & Selling Co., 99 App. Div. 214, 216, 90 N. Y. Supp. 1010, 1011, where the court points out the distinction between a so-called common-law receiver of the property of the corporation and a statutory receiver of the corporation itself in these words:

"There is a radical distinction between an action which seeks to have a receiver appointed of the property and assets of a corporation, in order that they may be preserved from unlawful disposition and waste, and an action for the appointment of a receiver of the corporation."

There is, therefore, no force in the contention of the moving party that the powers and authority of the receiver of the judgment debtor are analogous to those of a permanent receiver, including the right to maintain any action or special proceeding for the purposes specified in section 104 of the general corporations law (2 Consol. Laws, p. 1410). The last-mentioned section superseded section 1788 of the Code of Civil Procedure, which has been cited by the moving party; but upon reading its provisions, it will be found that the powers and duties conferred upon a temporary receiver in actions of the character specified in article 6, in which the aforementioned section is contained, are not given to a common-law receiver of the property of the corporation. The order appointing this receiver does not in its terms purport to give any authority to bring an action to collect the property of the corporation committed to his charge. Neither have I been referred to, nor am I able to find, after some research, any authority which holds that a receiver like the present one possesses any such power. Neither do the provisions of section 240 of the ·general corporations law apply to the present case. That section confers power upon certain receivers to institute proceedings to recover assets; but since this receiver was not appointed under subdivision 3, § 306, art. 12, of the corporation law, as the moving party appears to claim, section 240 has no application. Subdivision 3 of section 306, just mentioned, was formerly subdivision 3 of section 1810 of the Code of Civil Procedure, and it reads as follows:

"An action brought by the Attorney General, or by a stockholder, to preserve the assets of a corporation, having no officer empowered to hold the same."

The action in which this receiver was appointed was not brought to preserve the assets of a corporation, "having no officer empowered to hold the same." On the contrary, the complaint shows that the corporation has officers empowered to hold its property, and that an injunction and an accounting is sought against them. Section 1810 of the Code of Civil Procedure, which, as above shown, is now section 306 of the general corporation law, was held in Popper v. Supreme Council, 61 App. Div. 405, 70 N. Y. Supp. 637, not to interfere with the inherent power of the Supreme Court to appoint a receiver of the property of a corporation as distinguished from a receiver of the corporation itself. Inasmuch as this receiver was not appointed under article 12 of the general corporation law, but by virtue of the general equitable jurisdiction of the court, and was appointed receiver, not of the corporation itself, but only of its property, section 240 of the general corporation law cannot be invoked by him for the purpose of procuring an examination concerning the property of the judgment debtor.

Since the decision in Bucki v. Bucki, supra, was handed down, it has been decided in Smith v. Cutter, 64 App. Div. 412, 72 N. Y. Supp. 99, that the appointment of a receiver of a judgment debtor in proceedings supplementary to execution does not prevent the judgment creditor from obtaining an order for the examination of a third party alleged to have property of the judgment debtor in his possession. The moving party concedes that a receiver in supplementary proceedings represents the judgment creditor alone (Price v. Price,

21 App. Div. 597, 47 N. Y. Supp. 772; In re Lawrence, 21 App. Div. 597, 47 N. Y. Supp. 772), but contends that the case of Smith v. Cutter, supra, is authority only for the narrow proposition that where a judgment creditor has had a receiver appointed in such proceedings he may himself examine a third party. Without passing upon such point, it is manifest, when we consider the restricted powers of a temporary receiver, such as this one, that the right of the judgment creditor to examine the third party has not been lost by the appointment of such receiver. The effect of the appointment of a temporary receiver during the pendency of the action is well stated in Sigua Iron Co. v. Brown, 171 N. Y. 488, 494, 64 N. E. 194, 196:

"The appointment of a temporary receiver pendente lite does not dissolve a corporation nor restrain the exercise of its corporate powers. His functions are limited to the care and preservation of the property committed to his charge. He does not represent the corporation in its individual or personal character, nor supersede it in the exercise of its corporate powers, except as to the particular property confided to him. * * * The title to the property was not changed by his appointment. The receiver acquired no title, but only the right of possession as the officer of the court. The title remains in the corporation in which it was vested when the appointment was made" (citing many cases).

Since the title to all the property of the judgment debtor and the right to recover indebtedness due to it still remain in the judgment debtor, and have not passed to the temporary receiver, the right to maintain proceedings supplementary to execution and to examine the moving party as a third party remain unaffected. Consequently the reasons existing in Bucki v. Bucki, supra, and which led to the vacating of the third party order in that case, are not present here, and motion to vacate the order in question should be denied.

Motion denied, with $10 costs. The order to be entered herein will provide for the time and place of the examination of the third party. Settle order on notice.