## FLOETTL v. JONSON ENGINEERING & FOUNDRY CO.

(Supreme Court, Appellate Division, First Department. June 11, 1897.)

MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE—INVOLUNTARY MOVEMENT.
Plaintiff was working in an excavation under a cable-car track. Being warned of the approach of a car, he laid down in the excavation, but was struck by the cable, whereupon he moved involuntarily, and was struck and injured by the car. Held, that such involuntary movement was not, as a matter of law, contributory negligence, and hence an instruction that plaintiff could not recover if his injury was caused by his failure to keep quiet was properly refused.

Appeal from trial term, New York county.

Action by John Floettl against the Jonson Engineering & Foundry Company. From a judgment on a verdict for plaintiff, and from an order denying a new trial on the minutes, defendant appeals. Affirmed.

Argued before RUMSEY, PATTERSON, O'BRIEN, INGRAHAM, and PARKER, JJ.

J. Notman, for appellant.
L. Levy, for respondent.

PATTERSON, J.   When this case was before us on a former appeal (10 App. Div. 308, 41 N. Y. Supp. 792), it was held that it should have been .submitted to the jury on the testimony appearing in the record, to the effect that the plaintiff had received an assurance from the foreman in charge of the work that the cable cars would not run over the trench in which he was directed to work until 5 o'clock on the morning of the day on which the accident occurred. A second trial having been had, a verdict was rendered in favor of the plaintiff, from the judgment entered upon which, and from an order denying a motion for a new trial, this appeal is taken.

The contest at the trial term related chiefly to the question of the assurance referred to having been given. Floettl, the plaintiff, testified positively that it was given. His testimony is not distinctly corroborated by that of any other witness. On the first trial, Wein testified upon that matter as Floettl did. On the second trial, no reference to that particular subject is made by Wein, either in his direct or cross examination. There is also in the record testimony of witnesses who declare that they heard no such statement as that sworn to by the plaintiff. It is earnestly urged by counsel for the appellant that the great preponderance of evidence is against the truthfulness or accuracy of the plaintiff's testimony in that regard. The learned judge in his charge to the jury submitted that question to them with clearness and directness. He instructed them that it was an important question whether the foreman said that the cable cars would not run until 5 o'clock, and whether, if he did so, the plaintiff relied upon it. The plaintiff had testified to the statement having been made by Messenger, who was the foreman of the defendant in charge of the work. Messenger denied having made the statement, but in his denial is contained the admission that he did say something to Floettl with reference to the hour of 5 o'clock, and the running of cars at that hour. .The plaintiff's testimony is that Messenger said, "The cars stop up to five o'clock." Messenger swears that he only said, "We have to get out of here by five o'clock, because then the fast cars come in and run faster." Messenger therefore admits that he spoke of the running of cars over the trench, and to the hour of 5 o'clock in connection with that running. It was for the jury to say, upon the conflicting evidence with reference to this subject, which version was correct. Upon the whole case, we cannot say that the jury was palpably wrong in adopting the testimony of the plaintiff. It is further urged on behalf of the appellant that Floettl's testimony should be disregarded because he has testified falsely to material matters of fact in issue on the trial. It is said, for instance,

that he testified that at the time he sustained the injury he and Wein only were in the trench, whereas it appears that two other men were there also. All that can be said upon this subject is that there is a conflict of testimony as to who were in the trench at the precise time the accident occurred. Some of the witnesses say four men were there,—Floettl, Wein, Toohey, and McGurty. Messenger says three men were there when Floettl was hurt; that is, two others besides Floettl. Three witnesses swear that only Floettl and Wein were in the trench when the accident happened, corroborating Floettl. Upon other questions of fact there seems to be the same conflict of testimony, and upon that the verdict of the jury is conclusive.

The only exception requiring consideration is that taken to the refusal of the court to charge that, "irrespective of whether the conversation claimed by the plaintiff with the foreman occurred, if the jury believes from the evidence that the plaintiff and others in the hole were warned of the car's approach, and did not keep quiet, as one or more of his fellow servants down in the hole did, and the plaintiff was, in consequence of not keeping quiet and of his own movements, injured, they must find for the defendant." This request was properly declined. The court was asked, in effect, to charge the jury that it was the duty of the plaintiff absolutely to remain quiet, and that if, in consequence of his not doing so, he was injured, that was sufficient to exonerate the defendant from liability. The request was entirely too broad, in view of the fact that the movement of the plaintiff was not voluntary. Had it been so, a serious question would arise. The movement of the plaintiff was caused by the cable wire striking him on the head, and it cannot be said under such circumstances his involuntary movement, as matter of law, constitutes contributory negligence, which is substantially what the request means.

Under all the circumstances of the case, we cannot say that the verdict is excessive. The judgment and order must be affirmed, with costs. All concur.

Argued before VAN BRUNT, P. J., and RUMSEY, O'BRIEN, INGRAHAM, and PARKER, JJ.