the receiver, representing all the creditors, and the only party, under the laws of the state of Washington, who can maintain an action against the defendants upon their statutory liability as stockholders of the insolvent corporation. The remedy afforded by our courts is not only the same as that given by the courts of the state of Washington, but it is the same now given by our statute to creditors of insolvent banking corporations. By the amendment of 1897 it is provided that, where a banking corporation shall be dissolved, and a permanent receiver appointed, all actions or proceedings to enforce the liability of stockholders shall be taken and prosecuted only in the name and in behalf of the receiver. Laws 1897, c. 441.

The statute of limitations did not begin to run until the receiver had the right to sue, and that was not until the marshaling of the assets and the ascertainment of the deficiency. Interest should be allowed as claimed in the complaint. Ordered accordingly.

DREYFUS et al. v. CHARLES SEALE & CO.

(Supreme Court, Appellate Division, First Department. February 10, 1899.)

1. FOREIGN CORPORATIONS—APPOINTMENT OF RECEIVER—JURISDICTION.

To give a court jurisdiction to appoint a receiver for a foreign corporation having property and a place of business in New York, and against which execution has been returned nulla bona, it must appear that it has fraudulently disposed of property.

2. SAME—SEQUESTRATION PROCEEDINGS.

Code Civ. Proc. § 1784, providing that, on return unsatisfied of an execution against a corporation created by or under the laws of the state, sequestration proceedings may be instituted on the judgment against the corporation, does not apply to a foreign corporation having property and an office in the state.

3. APPEAL—REVIEW—EXCEPTIONS.

A motion to dismiss a complaint for the appointment of a receiver for a foreign corporation because the court was without jurisdiction of the subject-matter was reserved for consideration on the final submission of the cause, which was thereafter submitted on all points in the record, and an exception filed to the decision. Held, that on appeal the question whether the proof justified the appointment of a receiver was before the court for review.

Appeal from special term, New York county.

Action by Henry Dreyfus & Co. and another against Charles Seale & Co. From a judgment appointing a receiver for defendant (41 N. Y. Supp. 875), defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

G. W. Glaze, for appellant.

F. Bien, for respondents.

VAN BRUNT, P. J. The complaint in this action alleges the recovery of judgments against the sole defendant, a foreign corporation, the issuance of executions upon such judgments, and their return unsatisfied, the insolvency of the defendant, and that its property and assets in this state consisted largely of diamonds and

other merchandise, which property passed into the control of the president of the defendant corporation, who was a resident of the city and county of New York, and that said defendant corporation, through its said president, had fraudulently disposed of the property of such corporation. The complaint contains the further allegation that, in order to protect the rights of the plaintiffs, it was absolutely necessary that a receiver of the property of the defendant corporation should be appointed, in order to enable him forthwith to institute the necessary proceedings for the recovery of the property so fraudulently taken by the president of the defendant corporation as aforesaid; and judgment is prayed for the sequestration of the property of the defendant corporation, and that the proceeds be justly and fairly distributed among the creditors, and that a receiver be appointed. The answer of the defendant denies all the allegations of the complaint, except that it is a foreign corporation, duly organized and existing under the laws of the state of New Jersey. Upon the case coming on for trial, before the taking of any evidence, the counsel for the defendant moved to dismiss the complaint upon the ground that it was an action for the sequestration of the property of a foreign corporation alleged to be doing business in this state, and that the action could not be maintained. The court denied the motion. The plaintiffs' counsel then proved the incorporation of the defendant, the entry of the judgments referred to in the complaint, the issuance of executions thereon, and their return. He produced evidence tending to show that the defendant had a place of business in the city of New York, and upon cross-examination some evidence was elicited in reference to the judgment which is entirely immaterial to refer to in this opinion. The plaintiffs thereupon rested. The defendant then renewed his motion on the ground that neither in the complaint nor in the evidence had the plaintiffs set forth facts sufficient to constitute a cause of action, and then stated his point to be that the corporation was a foreign one, and that section 1784 of the Code, relating to sequestration proceedings, only applied to domestic corporations. The court ruled that it would consider and determine this question when the case was finally submitted for decision. The defendant then offered further evidence in regard to the judgments, and rested, and the case was submitted to the court for decision. The court held that it had no jurisdiction to entertain an action for the appointment of a receiver of the property and effects of a foreign corporation for the purpose of winding up its affairs, nor did it have jurisdiction to sequestrate property of a foreign corporation with a view to a distribution pursuant to section 1784 of the Code, and that, although the prayer for judgment indicated that the object of the action was for such sequestration and distribution, an answer having been interposed, the court would permit the plaintiffs to take any judgment consistent with the case made by the complaint and embraced within the issue; and thereupon appointed a permanent receiver of the property and effects of the defendant corporation, and a referee to take an account as to such property. It is from this judgment that the present appeal is taken.

It is urged that there was no ground, either as stated in the complaint or as shown in the proofs, which justified the interposition of the court by the appointment of a receiver; that there was no allegation or proof of property of the corporation within this state, and that there was no proof of any fraudulent disposition of property of the defendant within this state; that all that was proven was that it was a foreign corporation, that judgments had been obtained against it, and that it had a place of business within this state. Our attention has been called to no principle of law which justifies the interposition of the court upon such a case as this against a foreign corporation. While it is undoubtedly true that the court may entertain a creditors' bill to recover property which has been fraudulently disposed of by a foreign corporation in this state, it is necessary, in order that jurisdiction should attach, that the fraudulent disposition of the property should be proven. In such a case it would seem that the persons to whom the property has been fraudulently disposed of would be necessary parties before any effective judgment could be entered. While the court may interfere for the purpose of protecting the property of the corporation situated within state, and its equitable distribution among its creditors, yet, in the absence of proof of the existence of such property, and of the necessity for equitable intervention, we do not see where the court obtains jurisdiction to act. The action seems to have been brought upon the theory that section 1784 of the Code applied to a foreign corporation. As we have already seen, it is manifest that it does not.

But it may be urged that it does not appear upon the record that the objection to absence of proof of property within this state was taken in the court below. The case was tried and finally submitted to the court, and to the decision of the court an exception has been duly filed. This brings up for review all the infirmities of the record as it was submitted to the court below. It is true that the learned court, in its opinion, states that upon the close of the plaintiffs' case there was no proof that the defendant had any property in this state, or that it had made any transfer in fraud of creditors, or that there was anything to sequestrate, or any debt for a receiver to collect, or any asset of defendant's accessible by creditors' suit, and then states that for this defect, if properly pointed out, the complaint might possibly be dismissed, and then proceeds:

"But the defendant stands expressly and exclusively upon another ground, saying: 'The point is, the corporation is a foreign one; that the only authority for an action of this kind is under section 1784 of the Code, which applies to corporations organized and existing under the laws of this state. * * * I move to dismiss upon that ground.'"

And further:

"Had the defect of proof in question been called to the plaintiffs' attention, it might have been supplied. The ground assumed being untenable, and no other irreparable insufficiency of evidence apparent, the motion to dismiss should be denied."

The difficulty with the position of the learned court below is that the case was finally submitted upon all the points which were em-

braced in the record, and it.does not appear that upon such final submission the appellant limited himself as he had done in his motion to dismiss. We are bound, therefore, to consider every question which is raised by his exception to the decision. Under these circumstances, the want of proof in regard to the fraud alleged in the complaint, or the existence of property not alleged in the complaint, seems to be available to the appellant.

We think the judgment was erroneous, and should be reversed, and a new trial ordered, with costs to the appellant to abide event. All concur.