(155 App. Div. 322.)

HORTON et al. v. THOMAS McNALLY CO.

GEORGIA–FLORIDA LUMBER CO. v. SAME.

(Supreme Court, Appellate Division, Second Department. February 28, 1913.)

1. APPEAL AND ERROR (§ 151*)—ORDER DENYING MOTION TO VACATE APPOINTMENT—RIGHT TO APPEAL—PARTY AGGRIEVED.

A lumber company, the principal creditor of defendant company, having control of its stock and an interest in its profits under a public works contract, and whose representative was its vice president, notwithstanding an order enjoining interference with defendant's property, attached it, and thereafter by agreement of all parties interested, including the lumber company, a judgment creditor brought action against defendant company, and, upon the understanding that its attachment should be vacated, the lumber company's representative and another were appointed receivers and issued receiver's certificates to creditors. *Held*, on appeal from an order denying the lumber company's motion three years later to set aside the receivership and reinstate its judgment, that it was not a party aggrieved by the order and had no right to be heard.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 947–952; Dec. Dig. § 151.*]

2. APPEAL AND ERROR (§ 161*)—VACATION OF RECEIVERSHIP—RIGHT TO APPEAL—ESTOPPEL BY ACCEPTANCE OF BENEFITS.

In such case appellant, if aggrieved, was estopped from moving to vacate the order appointing receivers because it had accepted the benefits of the order to which it had already assented by having the affairs of its debtor, defendant company, administered under the personal supervision of its own representative.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 979–983; Dec. Dig. § 161.*]

3. CORPORATIONS (§ 684*)—RECEIVERS—APPOINTMENT — JURISDICTION — PROPERTY OF FOREIGN CORPORATION.

While a court of this state cannot wind up the affairs of a foreign corporation, it may at the instance of domestic creditors take possession

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of its property in this state, to protect the rights of such creditors, and may, upon a final adjustment of its affairs within this state, direct the payment of local creditors and the turning over of any surplus to the corporation itself, and this is especially true where the foreign corporation and all of the parties of interest have consented to the receivership and acted under it.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2666; Dec. Dig. § 684.*]

4. CORPORATIONS (§ 684*)—RECEIVERS—APPOINTMENT—JURISDICTION — OBJECTIONS—ASSENTING CREDITORS.

A general creditor of a foreign corporation, who, together with the foreign corporation, consents to the appointment of a receiver for its property in this state, cannot question the jurisdiction of the court. :

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2666; Dec. Dig. § 684.*]

5. CORPORATIONS (§ 684*)—RECEIVERS—JURISDICTION—FOREIGN CORPORATION —WAIVER OF STATUTORY PROVISIONS.

The provision of General Corporation Law (Consol. Laws 1909, c. 23) § 100, limiting an action by judgment creditors for sequestration to judgment creditors of a domestic corporation, may be waived by the consent of such creditor and of a foreign corporation, and, after the court acting upon such waiver has appointed receivers, an assenting party may not interfere with the receiver's administration.     :

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2666; Dec. Dig. § 684.*]

6. CORPORATIONS (§ 684*)—RECEIVERS—GROUNDS OF APPOINTMENT—PENDENCY OF ACTION—FOREIGN CORPORATION.

A receiver of the property of an insolvent corporation situated in this state may be appointed to preserve the property for domestic creditors pendente lite.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2666; Dec. Dig. § 684.*]

7. CORPORATIONS (§ 684*)—RECEIVERS—VALIDITY OF APPOINTMENT—COLLATERAL ATTACK.

Where the facts pleaded in a domestic judgment creditor's action against a foreign corporation were sufficient to invoke the jurisdiction of the court to preserve its property in this state through the agency of a temporary receivership, such receivership is not open to collateral attack except upon the ground that it is void.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2666; Dec. Dig. § 684.*]

Burr, J., dissenting in part.

Appeal from Special Term, Westchester County.

Actions by Chauncey S. Horton and others and by the Georgia-Florida Lumber Company against Thomas McNally Company. From an order (139 N. Y. Supp. 643) denying a motion to vacate an order appointing receivers of the Thomas McNally Company, and from an order denying its motion for reinstatement of its attachment, the Georgia-Florida Lumber Company appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

*For other cases, see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Robert H. Wilson, of Brooklyn, for appellant.

Clifford Couch, of Peekskill, for respondents Chauncey S. Horton and others.

Charles F. Brown, of New York City (William F. Cassedy, of Newburgh, on the brief), for Benjamin B. Odell, Jr., receiver.

Arnold L. Davis, of New York City (Samuel F. Moran, of Buffalo, on the brief), for respondents Trust Company of America and J. F. Erny, ancillary receivers of Thomas McNally Company.

Nathan P. Bushnell, of Peekskill, for respondents Naylor Bros. et al.

WOODWARD, J.   Briefly, the facts in this case are that the Thomas McNally Company is a Pennsylvania corporation, organized for the purpose of performing public contracts; that it has, as its chief asset, a contract with the city of New York for the construction of a part of the Catskill Aqueduct, at an agreed price of something like $4,000,000; that the said corporation became financially embarrassed and entered into negotiation with William E. Paine, president of the Yellow Pine Company, for a loan for the purpose of carrying on the contract above mentioned; that this negotiation resulted in a contract between the Georgia-Florida Lumber Company, by the terms of which said company is to have one-half of the profits growing out of the performance of the Catskill Aqueduct contract in consideration of certain advancements made to the Thomas McNally Company in financing the work.   The Yellow Pine Company is the owner of all of the stock of the Georgia-Florida Company, the latter apparently being made use of for the purposes of this contract only, both corporations occupying the same offices at No. 16 Beaver street, New York. Among the conditions of the contract between the Thomas McNally Company and the Georgia-Florida Company, was one that all of the stock of the Thomas McNally Company should be pledged or delivered to the Georgia-Florida Company, and that the latter corporation should during the continuance of the contract have control of the majority of the board of directors of the Thomas McNally Company; Thomas McNally remaining as president and one of the members of the board. This arrangement appears to have been carried out, and, soon after the signing of the loan contract above referred to, Mr. Maloney, who had been the president of the Georgia-Florida Company resigned and Mr. Paine (president of the Yellow Pine Company) was elected president of the Georgia-Florida Company.   He was likewise chosen as vice president of the Thomas McNally Company, and was clearly the dominating spirit of the entire transaction.

With this reorganization brought about, work was put forward upon the aqueduct contract, and in November, 1908, Mr. Paine, acting under a provision of the loan contract, collected $47,623.22 from the city of New York and credited the amount received upon the credit account of the Georgia-Florida Company, and neglected and refused to apply the sum to the payment of the claims for labor and materials upon the aqueduct work, with the result that the work was suspended, with approximately $100,000 of labor and material bills outstanding.   In

December of that year a meeting of the creditors of the Thomas Mc-Nally Company was held at the office of certain attorneys in New York, where an effort was made to procure the consent of such creditors to the appointment of Mr. Paine as receiver of the Thomas McNally Company. This move failed, and on the 17th day of December, 1908, a decree was made in an action brought in the state of Pennsylvania, and a receiver of the Thomas McNally Company was appointed in that state. On the following day an order was made in this state in the action of John M. Moe against Thomas McNally Company, appointing J. F. Erny of Pittsburg and the Trust Company of America as ancillary receivers of the property of such company within this state, and these receivers qualified and took possession of the property. This order contained an injunction restraining creditors or others from interfering with the property. At about this time the Georgia-Florida Company, with other creditors, got out attachments against the property of the Thomas McNally Company, and the sheriffs of Putnam and Westchester counties made levies, notwithstanding the injunction contained in the order above mentioned. Soon afterward the Georgia-Florida Company brought an equitable action in the Circuit Court of the United States for the Southern District of New York, in behalf of itself and other creditors similarly situated, praying for the appointment of a receiver for the Thomas McNally Company. This action was subsequently discontinued, upon the appointment of Mr. Paine and Benjamin B. Odell, Jr., as receivers of the property in an action brought by Chauncey S. Horton and others as judgment creditors, to which further reference will be made.

Early in February, 1909, the Pennsylvania receivership was vacated and set aside, upon the ground that the plaintiff in that action was not a judgment creditor, and thereupon a motion was made in this state to set aside the order appointing ancillary receivers. This motion was denied, the learned court writing an opinion in which it was pointed out that to revoke the order might operate to let in all of the attaching creditors and result in a dissipation of the property of the Thomas McNally Company, preventing the performance of the aqueduct contract, and thus depriving creditors and stockholders of the opportunity of realizing upon their equities, at the same time pointing out that all parties conceded the advisability of a receivership, though questioning the right to retain the ancillary receivers in the action of Moe, who was not a judgment creditor. Later, by agreement among all the parties in interest, it was arranged that Chauncey S. Horton and others should bring an action against the Thomas McNally Company on certain promissory notes, and such steps were taken as resulted in the entry of judgment upon such notes, and execution was issued and returned wholly unsatisfied, when an action was brought upon such judgment, asking for the appointment of a receiver, and for the carrying on the contract for the construction of the aqueduct, and the final distribution of the funds. All of these matters were the subject of negotiation between the various parties, acting generally through their attorneys, and there can be no question that Mr. Paine, the president of the Georgia-Florida Company, was represented by counsel, and

that he agreed, in behalf of his company, that, if he was appointed one of the receivers in the judgment creditor's action, he would relinquish all claim under the attachment above mentioned, and it appears from the record that these matters were all agreed to in open court; that the court, upon the express understanding that the attachment was to be vacated, appointed Mr. Paine, as representing the principal creditor, and Benjamin B. Odell, Jr., as receivers; and that the attachment was thereupon vacated, both such receivers qualifying and entering upon the discharge of their duties. Since that time a great part of the work contemplated under the aqueduct contract has been performed. About $350,000 of receiver's certificates have been authorized and issued to various creditors, and each of the receivers has been paid fees in excess of $32,000, and now the Georgia-Florida Company asks to have this receivership set aside, upon the ground that the court was without jurisdiction to make the order, and that its attachment shall be reinstated. This motion has been denied, and appeal comes to this court; it being urged also that Mr. Paine, who was summarily removed as one of the receivers, should be reinstated.

[1] The first question naturally to present itself is the right of the Georgia-Florida Company to be heard upon this motion or the appeal. It is a well-established principle that that to which a person assents is not esteemed in law an injury (Broom's Legal Maxims [8th Am. Ed.] 267), and it seems reasonably certain that the Georgia-Florida Company not only assented to the appointment of the receiver in this case, but made it the condition of its surrender of any rights which it might have had under the attachment proceedings, and that it has had the benefit of the performance of the contract with the city of New York, under which it not only hoped to secure a return of its advancement, but to share in the profits which might accrue. Mr. Paine had no right to expect an appointment as receiver in a judgment creditor's action against the Thomas McNally Company, except as he represented the Georgia-Florida Company, the principal creditor of the Thomas McNally Company, and it appears from the record that the learned court at Special Term was unwilling to appoint Mr. Paine because the latter, as the representative of the Georgia-Florida Company, claimed to have an attachment against the property, and it was only upon the representation of the attorney of the Georgia-Florida Company that the attachment would be vacated upon the appointment of Mr. Paine, that the latter was chosen, and the attachment vacated. This occurred in 1909, and it was not until the year 1912 that this motion to set aside the receivership was made, a time so long that it must be apparent that there could be no good faith in the suggestion that the board of directors of the Georgia-Florida Company did not know of the action of its president in connection with this receivership.

It is urged, however, that this question is not open; that it has been determined in favor of the right of the appellant in Zeltner v. Zeltner Brewing Co., 79 App. Div. 136, 80 N. Y. Supp. 338. In that case all of the directors of the corporation had resigned, for the purpose of bringing the situation within the letter of subdivision 3 of section 1810 of the Code of Civil Procedure, authorizing the bringing of an

action "to preserve the assets of a corporation, having no officers empowered to hold the same," and then William H. Zeltner, as an individual stockholder in the brewing company and as the executor of a deceased stockholder, brought an action for the purpose of securing the appointment of a receiver to wind up the affairs of the corporation. The order appointing the receiver contained an injunction, restraining creditors from interfering with the property, and the receiver took possession and proceeded to discharge the duties of a general receiver. There was no objection offered to the appointment of the receiver by the corporation. Before this action was commenced, however, the Yorkville Bank had commenced two actions in the Supreme Court upon promissory notes amounting to $10,000, and these actions came within the inhibitions of the injunction order issued in connection with the appointment of the receiver, and it was "this feature of the order which gave the Yorkville Bank the requisite status to move to vacate the order and which enables it to prosecute the present appeal," to quote the language of the court in that case. The motion of the Yorkville Bank was denied at Special Term, but on appeal the order was reversed, and the order appointing the receiver was modified so as to relieve the Yorkville Bank from the operation of the injunction contained therein and permit said bank to prosecute its claims against the Henry Zeltner Brewing Company to judgment, and to enforce any judgment it may obtain against the property in the hands of the receiver. Zeltner v. Zeltner Brewing Co., supra.

In that case, although the court held that the action of the officers and directors was absolutely illegal, and that there was no jurisdiction to appoint the receiver, it refused to grant the motion of the Yorkville Bank to vacate and set aside the order appointing the receiver, and merely modified the order in such a manner as to permit the bank to prosecute its claim against the property in the hands of the receiver. But there the Yorkville Bank had not given its consent to the appointment of receivers, upon condition that its president should be one of the receivers, and for the purpose of enabling the insolvent corporation to fulfill a contract in which the bank and its officers were vitally interested. It found itself denied the right to collect the moneys due it by reason of an injunction order issued in connection with a fraudulent receivership, and the court permitted it to come in and be relieved of the injunction order that it migh prosecute its action, already begun, for a judgment against the corporation, which judgment might be enforced against the property in the hands of the receiver. If the Georgia-Florida Company had been a simple creditor, in no wise involved in the appointment of the receiver, and the receiver had been named without the court having jurisdiction, it might be that it would have a right to intervene by a motion for the purpose of being relieved of an injunction order which prevented it from asserting its claim against the corporation, but it would have no right to interfere with the receivership, to which the Thomas McNally Company had assented, for the receivership merely vests the property in the court for the benefit of creditors generally, and it could have no interest in the matter so long as it was permitted to prosecute its own

claim.. This is the extent to which the case cited goes in sustaining the right of the Georgia-Florida Company to its intervention in the present case, and we are of the opinion that it is not aggrieved by the order which has been made, denying its motion to set aside the receivership.

[2] If it is aggrieved, then it is estopped to urge the point because it has accepted the benefits of the order to which it had already assented, by having the affairs of the Thomas McNally Company, its debtor, administered under the personal supervision of its own president, who must be presumed to be acting in good faith, not alone to his corporation, but in his relations as an officer of the court.

[3] This view of the case makes it unnecessary, perhaps, to go into the question of the jurisdiction of the court to grant the motion for a receivership in the first instance; but it may not be out of place to observe that, while it may be that the complaint does not ask for the proper relief, we do not see any good reason why the court should not have taken possession of the property of the Thomas McNally Company within the state of New York under the circumstances presented by this record. It is undoubtedly true, as suggested, that the court could not wind up the affairs of the corporation created by and under the laws of the state of Pennsylvania, but it could take charge of the property, legal and equitable, within the state of New York for the purpose of protecting the rights of domestic creditors, and, upon a final adjustment of its affairs within this state, it could direct the payment of local creditors, and the turning over of any surplus which might result to the corporation itself, and this is especially true where, as in the case now before us, it appears that all of the parties in interest have consented to the receivership and have acted under it for several years without complaining. The objection now urged is, not that the Supreme Court has not general jurisdiction of actions by judgment creditors, but that it has no jurisdiction of the subject-matter of this action because, the corporation being created under the laws of the state of Pennsylvania, it is not competent for our courts to take jurisdiction of an action which has for its object the dissolution of the corporation and the winding up of its affairs.

[4] But it unquestionably has jurisdiction of the property of the corporation within this state, and, the corporation having come in and asked for the appointment of the receiver, by its answer it would not be permitted to question the jurisdiction of the court, and it is difficult to understand how a mere general creditor, who has likewise consented to the appointment of the receiver, can be in a better position than the corporation itself.

"It is also objected," say the court in Matter of Metropolitan Railway Receivership, 208 U. S. 90, 109, 28 Sup. Ct. 219, 224 (52 L. Ed. 403), "that the Circuit Court had no jurisdiction because the complainants were not judgment creditors, but were simply creditors at large of the defendant railways. The objection was not taken before the Circuit Court by any of the parties to the suit, but was waived by the defendant consenting to the appointment of the receivers, and admitting all of the facts averred in the bill. Hollins v. Brierfield Coal & Iron Co., 150 U. S. 371, 380 [14 Sup. Ct. 127, 37 L. Ed. 1113]. That the complainant has not exhausted its remedy at law—for example, not having obtained any judgment or issued any exe-

cution thereon—is a defense in an equity suit which may be waived, as is stated in the opinion in the above case, and when waived the case stands as though the objection never existed."

In the case to which reference is made, the court say:

"Given a suit in which there is jurisdiction of the parties, in a matter within the general scope of the jurisdiction of courts of equity, and a decree rendered will be binding, although it may be apparent that defenses existed which, if presented, would have resulted in a decree of dismissal. Take the present case as an illustration: Suppose the corporation and other defendants had made no defense, and, without expressly consenting, had made no objection to the appointment of a receiver, and the subsequent distribution of the assets of the corporation among its creditors; it cannot be doubted that a final decree, providing for a settlement of the affairs of the corporation and a distribution among creditors, could not have been challenged on the ground of a want of jurisdiction in the court, and that notwithstanding it appeared upon the face of the bill that the plaintiffs were simple contract creditors, because the administration of a court of equity, and the parties being before the court, it has power to proceed with such administration. If there was a defense existing to the bills as framed, an objection to the right of these plaintiffs to proceed on the ground that their legal remedies had not been exhausted, it was a defense and objection which must be made in limine, and does not of itself oust the court of jurisdiction."

[5] In the case now before us it is urged that, as this is a judgment creditor's action, the court is without jurisdiction because section 100 of the General Corporation Law (Consol. Laws 1909, c. 23) provides only for such an action as against a corporation created by or under the laws of the state; but we apprehend that the parties to the action, and those interested, may consent to waive the fact that the Thomas McNally Company is a foreign corporation, and that, having once done so and the court having acted upon that waiver, it is not for a third party, who has likewise consented, to interfere with the administration of the property which has thus been confided to the care of the court through its receivers. If the Thomas McNally Company had entered into an agreement with its principal creditor, the Georgia-Florida Company, that the affairs of the corporation should be conducted by Messrs. Paine and Odell, and the latter named gentlemen had entered upon the discharge of the duties, and had arranged to satisfy the other creditors with the notes or other obligations of the Thomas McNally Company, to the advantage of the Georgia-Florida Company, can there be any doubt that such an agreement would be enforced and continued as against the demand of the latter company that it should be abrogated? This is practically what has been done, only it has been accomplished through the forms of law; it has been mutually agreed that these men should administer the property of the Thomas McNally Company in the form and manner provided for the conduct of receivers under the laws of New York, and this agreement has been ratified by the parties thereto, and it cannot be set aside for the purpose of permitting one of the parties to such agreement to get an unfair advantage of other creditors, or those who have expended time and money relying upon the good faith of the parties to the agreement.

[6] We think this court is committed to the doctrine that a receiver of the property of an insolvent foreign corporation situated in this state may be appointed to preserve the property pendente lite for the protection of the interests of New York creditors. Moe v. McNally Co., 138 App. Div. 480, 123 N. Y. Supp. 71; People v. Granite State Provident Association, 41 App. Div. 257, 58 N. Y. Supp. 510, affirmed 161 N. Y. 492, 55 N. E. 1053; Popper v. Supreme Council, 61 App. Div. 405, 70 N. Y. Supp. 637; Reusens v. Manufacturing & Selling Co., 99 App. Div. 214, 90 N. Y. Supp. 1010. See, also, Blake v. McClung, 172 U. S. 239, 257, 19 Sup. Ct. 165, 43 L. Ed. 432.

[7] As hereinbefore stated, it may be that the prayer for relief in the Horton suit is broader than the relief to which the plaintiffs therein are entitled; but the facts pleaded which the defendant admitted were sufficient to invoke the jurisdiction of the court to preserve the property of the corporation in New York through the agency of a temporary receivership, and the receivership order is not open to collateral attack except upon the ground that it is void.

While the action of the court in removing Mr. Paine as one of the receivers was somewhat summary, and ought not to be regarded as a general precedent, the statute (section 273 of the General Corporation Law) provides that "such receivers may be removed by the court"; this language being substituted for that of the Revised Statutes, which provided that "they may be removed by the Supreme Court, for cause shown." 2 R. S. (1st Ed.) pt. 2, c. 5, tit. 1, art. 8, § 46. It was held in Hoyt v. Continental Insurance Co., 21 N. Y. Wkly. Dig. 145, that the power of the Supreme Court to remove its own receiver of a corporation, and appoint another in his place, does not depend on any notice to stockholders who have appeared; that the court can act on its own motion. 1 Rumsey's Practice, 747. Sections 235 and 236 of the General Corporation Law provide for the authority which shall vest in a single receiver and in cases where there are more than one receiver, and section 237 provides that the "survivor or survivors of any receivers shall have all the powers and rights given to receivers," and that "all property in the hands of any receiver at the time of his death, removal or incapacity, shall be delivered to the remaining receiver or receivers, if there be any." While the power is given to appoint to "any vacancy created by removal, death or otherwise" (section 274, General Corporation Law), this is not made obligatory, and, as the purpose of a receivership is to hold the property in the control of the court, and as one receiver may discharge all of the functions, no good reason appears why the order in this case should be interfered with by this court. Mr. Paine, moreover, is not a party to this appeal, and, so far as appears, has never objected to his removal, or applied in any way for reinstatement. There is no claim that the work has been jeopardized or impeded by his removal. The question, therefore, may fairly be considered as not germane to the present proceedings, and may well abide his future action, if any be contemplated.

As to the appeal from the order denying the motion of the Georgia-

Florida Lumber Company to reinstate its attachment, we think any further discussion unnecessary, and it should be affirmed.

The orders appealed from are affirmed, with costs.

JENKS, P. J., and HIRSCHBERG and RICH, JJ., concur.

BURR, J. (dissenting in part). I am of the opinion that so much of the order appealed from as denies the motion of the Georgia-Florida Lumber Company to vacate the order made in the action of Chauncey S. Horton and others against the Thomas McNally Company on March 3, 1909, and which order appointed William E. Paine and Benjamin B. Odell, Jr., as receivers of the property of said defendant, should be affirmed. I am constrained to rest my decision upon grounds somewhat differing from those expressed in the opinion of my Brother WOODWARD, which grounds I will briefly state.

As preliminary thereto, it may not be improper to observe that the position now taken by the moving party under the circumstances here disclosed does not commend itself upon ethical grounds, and the wisdom of the creditors of the McNally Company in rejecting the proposition made by the Georgia-Florida Lumber Company to secure them in the payment of their claims may be questioned. But with these considerations we have nothing to do. Each party stands upon its or their strict legal rights, and this appeal must be disposed of in accordance therewith. I fail to see how the fact that the Georgia-Florida Lumber Company consented to the appointment of these receivers, or even asked for their appointment, if such is the fact, is conclusive against the motion to vacate the order appointing them. The question is one of jurisdiction of the court. While jurisdiction of the person may be conferred by consent if it does not otherwise exist, jurisdiction of the subject-matter of an action or proceeding may not be. It seems to me that the prevailing opinion in this case fails to clearly observe this distinction. I also think that the law is well settled that the courts of this state have not jurisdiction to entertain an action to dissolve a corporation organized under the laws of a foreign state and obtaining its corporate life therefrom, upon the ground of insolvency, and to determine such corporate life and sequestrate its assets. Dreyfus & Co. v. Seale & Co., 37 App. Div. 351, 55 N. Y. Supp. 1111. I think that it is also the case, at least unless restrained by a valid statute, that the Supreme Court of this state has jurisdiction to appoint a receiver of the property of such corporation, situated within this state, for the benefit of the creditors thereof, and to "see to it that its own citizens are not unjustly discriminated against by reason of the administration in other states of the assets there of an insolvent corporation doing business within its limits." Blake v. McClung, 172 U. S. 239, 247, 19 Sup. Ct. 165, 43 L. Ed. 432; People v. Granite State Provident Ass'n, 41 App. Div. 257, 58 N. Y. Supp. 510, affirmed 161 N. Y. 492, 55 N. E. 1053; Popper v. Supreme Council of the Order of Chosen Friends, 61 App. Div. 405, 70 N. Y. Supp. 637; Reusens v. Manufacturing & Selling Co., 99 App. Div. 214, 90 N. Y. Supp. 1010; Moe v. McNally Co., 138 App. Div. 480, 123 N. Y. Supp. 71.

The learned counsel for the appellant contends: First, that there is

such statutory restriction; and, second, that this action may not be classed as being one of the character referred to. There is a distinction between statutory authority and statutory restriction. At the date of the commencement of this action and of the appointment of the receivers, the General Corporation Law (Consolidated Laws, c. 23 [Laws of 1909, c. 28]) was in force. Article 6 of said act, §§ 109–115, relating to actions for sequestration and dissolution of a corporation, may be deemed a statute of authority declaratory of the existing power of the court. But it is limited in its terms to domestic corporations. It must also be conceded that section 306 of the General Corporation Law (enacted in place of section 1810 of the Code of Civil Procedure), prescribing the cases in which a receiver of the property of a corporation may be appointed, is a statute of limitation. Its language is:

"A receiver of the property of a corporation can be appointed only by the court, and in one of the following cases."

This action is not one of those therein specified, whether treated as an action to destroy defendant's corporate life or to preserve its assets. I think, too, that we must admit that the adverb "only" qualifies not only the clause relating to the sources of appointment, but also that relating to the cases in which appointment may be made. Reference to the original act from which the code section and the present provisions of the General Corporation Law had their derivation makes this clear (Laws 1870, c. 151, § 3). I am of opinion, however, that this statute, in so far as it seeks to limit the power of the Supreme Court to appoint a receiver of the property within this state of a foreign corporation, doing business therein, for the protection and benefit of the creditors of such corporation, and to insure equality of treatment to so many of such creditors as are its own citizens with that accorded to creditors residing elsewhere, is in contravention of the constitutional powers of the Supreme Court, and is void. By the terms of the Constitution (article 6, § 1), "the Supreme Court is continued with general jurisdiction in law and equity." As has been before pointed out, the jurisdiction of a general court of equity to appoint a receiver of the property within its jurisdiction of a corporation, whether domestic or foreign, for its safe preservation, has been long recognized. See, also, 1 Pomeroy, Equitable Remedies, § 116. Conceding the power of the Legislature to regulate the method of procedure in the appointment of receivers of the property of corporations, this is far more than a statute of regulation. If given the effect claimed for it by the learned counsel for appellant, it altogether deprives the Supreme Court of the exercise of a well-recognized and previously existing equity power. This the Legislature may not do. People ex rel. Mayor v. Nichols, 79 N. Y. 582; Matter of Stilwell, 139 N. Y. 337, 34 N. E. 777. In Popper v. Supreme Council, supra, decided in this department in 1901, Mr. Justice Goodrich, writing for a unanimous court, calls in question the constitutionality of this very statute. It is true that the language then employed was not necessary to the decision of that case, but it was evidently used advisedly, and the concurrence by the entire court in the whole of the opinion, including that portion thereof just referred to, may be deemed a strong expression of the views of the learned justices participating in the decision.

It may be urged that, if this proposition is sound, it must also follow that the Supreme Court in this state, under its general equity powers, may decree the dissolution of a foreign corporation. There is a clear distinction. The power of the Supreme Court in the former case is derived from the fact that the "res," the subject-matter, is property located here. In the latter the "res" is corporate life. This did not acquire existence here, nor derive its powers of continuance from any laws of this state. Its corporate death must be in the place of its birth.

The question then remains: May the action in which the receivers are appointed be treated as an action to preserve the assets of the McNally Company within this state? The complaint states that the defendant named therein has property within this state, which it specifically describes, to wit, a contract with the city of New York through its board of water supply for the construction of a portion of the Catskill Aqueduct, and a valuable plant used in such construction work. There is no reference to property of the corporation within the jurisdiction of its creation, nor of any assets elsewhere situated. The complaint sets forth not only the judgment recovered by plaintiff and the return of an execution unsatisfied, but the pendency of various other actions, in some of which attachments have been issued, and also the filing of certain notices of lien in the office of the comptroller of the city of New York, the insolvency of defendant, and the necessity of preserving its property for the benefit of its creditors from the sacrifice resulting from a forced sale thereof, and the possible danger of a forfeiture of said contract. The prayer for relief is that a receiver be appointed by the court of the property and assets of defendant within the state of New York, and that the creditors of defendant be enjoined and restrained from commencing actions against it, and from interfering in any way with the property of defendant, and from the prosecution of any actions now pending against it, and, finally, that the proceeds of the property of defendant, including profits under said contract, be justly and fairly distributed among its creditors and those equitably entitled thereto. There is no demand for any judgment destroying its corporate life, nor for the ultimate distribution of its entire assets. The scope of the action is wholly limited to the preservation of its property within this state. The order appointing the receivers provides that they shall be "authorized and required to take possession of all the property, business, assets and effects of the defendant within this state and to preserve and protect the same." It may be that the order goes too far in attempting to define the powers and duties of the receivers, and in seeking to confer upon them authority to carry on and continue the business of the said corporation so far as relates to the performance of its contract with the city of New York. But, given jurisdiction in the Supreme Court to make *any* appointment of receivers, and the order is not void because too broad. If it was in any respect improper, the remedy of the petitioner in this proceeding was to intervene in such action and seek to modify the order by striking out the improper provisions thereof. It is not necessary to determine whether by its long acquiescence, if

not affirmative consent, it has not waived its right to this relief. It is sufficient for the present to say that this is not the relief sought.

The conclusion which I have reached as to this portion of the order appealed from makes it unnecessary to consider the appeal in the action of the Georgia-Florida Lumber Company against the Thomas McNally Company, from the order denying its motion to reinstate its attachment. I dissent from the affirmance of so much of the order in the action of Horton against the McNally Company as removes William E. Paine as one of the receivers of said company. Removal upon the grounds specified in the order should not be made except upon notice to the receiver and the persons interested in the subject-matter of the receivership. I think that the Georgia-Florida Lumber Company, as the principal creditor of the Thomas McNally Company, has such an interest in the question of who shall be receivers of the property of said company within this state, that it is a person aggrieved by such decision, and may appeal therefrom.

To summarize: In the action of Chauncey S. Horton and others against the McNally Company, I concur in the result so far as the affirmance of so much of the order appealed from as denies the motion to remove the receivers is concerned. I dissent from the affirmance of so much of said order as removes William E. Paine as one of such receivers. In the case of the Georgia-Florida Lumber Company against the Thomas McNally Company, I concur in the affirmance of the order denying the motion to reinstate the attachment of the Georgia-Florida Lumber Company.