LEONARD W. HALL and CHARLES W. LUDLAM, as Receivers of the Property of RIVERHEAD BOND AND MORTGAGE CORPORATION, Appellants, v. JOHN R. VUNK and Others, Respondents.— In an action brought by plaintiffs, as receivers of an insolvent foreign corporation, to recover moneys alleged to have been improperly paid by the directors to an attorney, order denying plaintiffs' motion to strike out the separate defenses contained in the answers of the defendants modified so as to grant plaintiffs' motion as to the fifth, sixth and seventh defenses contained in said answers and to deny their motion as to the remaining defenses. As so modified the order is affirmed, with ten dollars costs and disbursements to the appellants. The third defense may be sufficient in law if it appears that the so-called acquiescence and ratification was made by all the stockholders. (Goldberg v. Berry, 231 App. Div. 165.) The fifth defense is insufficient in law because the laws of Delaware, authorizing the directors to employ attorneys and counsel, could not be a justification of such an employment in fraud of the rights of the corporation. The sixth and seventh defenses are also insufficient in law because the courts of this State have jurisdiction to appoint a receiver of an insolvent foreign corporation in order to preserve its assets in this State and distribute them among its creditors, and may also authorize the receiver to maintain actions for that purpose. Plaintiffs were appointed receivers of the corporation by our Supreme Court, and the judgment authorized them to maintain such action. (Horton v. McNally Co., 155 App. Div. 322.) Lazansky, P. J., Young, Hagarty, Davis and Johnston, JJ., concur.

THOMAS L. HAMILTON, Suing on Behalf of Himself and Any Other Stockholder of METROPOLITAN JOCKEY CLUB Wishing to Join in This Suit and to Contribute to the Costs Thereof, Respondent, v. KATE D. WOOD, EDWARD P. KILROE, EMANUEL NEWMAN and METROPOLITAN JOCKEY CLUB, Appellants.— (Appeal No. 1.) In view of the decision on motion No. 1013 (ante, p. 895), decided herewith, the appeal is dismissed, without costs. (Appeal No. 2.) In view of the decision on motion No. 1014 (ante, p. 895), decided herewith, the appeal is dismissed, without costs. (Appeal No. 3.) In a stockholder's derivative action, the motion of the plaintiff for leave to serve a second amended complaint was granted, without costs or terms. Order, in so far as an appeal is taken therefrom, affirmed, with ten dollars costs and disbursements, with leave to appellants to answer within ten days from the entry of the order hereon. No opinion. Lazansky, P. J., Young, Hagarty, Adel and Taylor, JJ., concur.

ELLEN R. HAMMELL, as Limited Ancillary Administratrix, etc., of MILTON B. HAMMELL, Deceased, Respondent, v. "HAROLD" MANNSHARDT, First Name "Harold" Fictitious, True First Name Unknown to Plaintiff, Appellant.— Order in so far as it grants plaintiff's motion for an examination of the defendant before trial affirmed, with ten dollars costs and disbursements; the examination to proceed on five days' notice. No opinion. Lazansky, P. J., Young, Hagarty, Adel and Taylor, JJ., concur.